IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK H. HESS, and PAM K. HESS, | ) ) ) | 8:08CV406 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| BANK FIRST, CLARK FROEHLICH, RJ GALL, NORTH CENTRAL BANCORP, Inc., BOARD OF DIRECTORS, of North Central Bancorp, Inc., JOHN DOE, JANE DOE, RICHARD GALYEN, DUANE ACKLIE, CLAYTON ANDREWS, MIKE DUNLOP, VIRGIL FROEHLICH, EUGENE MARKLAND, ROY MILLER, CARROL NOVICKI, JOANIE OCHSNER, MICHAEL RENKEN, JEFF SCHUMACHER, and ROBERT WHITE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

  This matter is before the court on a Motion to Dismiss (filing no. 17) and an Amended Motion to Dismiss (filing no. 24) filed by Defendants Bank First, Clark Froehlich ("Froehlich"), North Central Bancorp ("NCB"), NCB's Board of Directors, John Doe, and Jane Doe (together "Served Defendants"). Also pending before the court are Plaintiffs' five Motions for Default Judgment against Served Defendants, (filing nos. 12, 13, 14, 15 and 16), Served Defendants' Objection to Plaintiffs' Motions for Default Judgment (filing no. 31), Plaintiffs' Motion to Amend Complaint (filing no. 28), Served Defendants' Objection to Plaintiffs' Motion to Amend Complaint (filing no. 34), Served Defendants' Motion to Dismiss Plaintiffs' Amended

Complaint (filing no. 37), and Plaintiffs' Motion to Continue (filing no. 40). As set forth below, Served Defendants' Objections and Motions to Dismiss Plaintiff's Complaint are granted and Plaintiffs' Motions are denied.

## *I. BACKGROUND*

     Plaintiffs filed their Complaint in this matter on September 15, 2008. (Filing No. 1.) Thereafter, Served Defendants filed a Motion for Extension of Time to file an answer or otherwise respond to Plaintiffs' Complaint.[1] (Filing No. 6.) The court granted Served Defendants' Motion for Extension of Time and permitted Served Defendants until December 13, 2008, to respond to Plaintiffs' Complaint. (Filing No. 9 (Text Order).) Served Defendants responded to Plaintiffs' Complaint on December 15, 2008, by filing a Motion to Dismiss with two corresponding Briefs in Support (filing nos. 17, 20 and 21), and an Amended Motion to Dismiss with a Brief in Support (filing nos. 24 and 25). However, one day before this response, Plaintiffs filed five unsigned Motions for Default Judgment against Served Defendants. (Filing Nos. 12, 13, 14, 15 and 16.) Served Defendants filed an Objection to Plaintiffs' Motions for Default Judgment along with a Brief in support on December 19, 2008. (Filing Nos. 31 and 32.)

     On December 18, 2008, Plaintiffs filed an unsigned Motion to Amend Complaint. (Filing No. 28.) Three days later, Served Defendants filed an Objection to the Plaintiffs' Motion to Amend Complaint (filing no. 34), and on December 24, 2008, they also filed a Motion to Dismiss Plaintiffs' Amended Complaint along with a Brief in Support. (Filing Nos. 37 and 38.) On March 8, 2009, Plaintiffs filed a Motion to Continue. (Filing No. 40.)

---

     [1]Defendants Bank First, Froehlich, and NCB brought this Motion for Extension of Time—Defendants Jane Doe, John Doe, and the NCB Board of Directors were not named. However, all of the Served Defendants were named in the subsequent Motion to Dismiss. (Filing No. 24.)

## *II. PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT*

As discussed above, Plaintiffs filed five unsigned Motions for Default Judgment against Served Defendants. (Filing Nos. 12, 13, 14, 15 and 16.) Served Defendants responded with an Objection to Plaintiffs' Motions for Default Judgment along with a Brief in support. (Filing Nos. 31 and 32.)

Federal Rule of Civil Procedure 11 states that "every pleading . . . must be signed by at least one attorney of record . . . or by the party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* Plaintiffs, who are proceeding *pro se*, failed to sign their Motions for Default Judgment. (Filing Nos. 12, 13, 14, 15 and 16.) On December 19, 2008, Served Defendants objected to this signature deficiency in their Objection to Plaintiffs' Motions for Default Judgment and Brief in Support. (Filing Nos. 31 and 32.) The Objection was mailed to Plaintiffs via certified mail. (Filing No. 33 at CM/ECF p. 2.) These filings called the signature deficiency to Plaintiffs' attention. (Filing No. 32 at CM/ECF pp. 5-6.) Over two months have passed, and Plaintiffs have not corrected the deficiency.

Because Plaintiffs failed to correct the signature deficiency after it was called to their attention, the court must strike Plaintiffs' Motions for Default from the record.[2] Fed. R. Civ. Pro. 11(a). Thus, Served Defendants' Objection to Plaintiffs'

---

[2]Even if Plaintiffs had corrected the signature deficiency, their Motions for Default Judgment would have been denied. In these Motions, Plaintiffs argued that they were entitled to default judgment because Served Defendants failed to file a timely response to their Complaint. (Filing Nos. 12, 13, 14, 15 and 16.) However, pursuant to court order, Served Defendants had until December 13, 2008, to respond to Plaintiffs' Complaint. (Filing No. 9 (Text Order).) Because December 13, 2008,

Motions for Default Judgment is granted. Plaintiffs unsigned Certificate regarding the Motions for Default Judgment (filing no. 23) and Plaintiffs' unsigned Motions for Default Judgment (filing nos. 12, 13, 14, 15 and 16) shall be stricken from the record.

### *III. PLAINTIFFS' MOTION TO AMEND COMPLAINT*

On December 18, 2008, Plaintiffs filed another unsigned document titled "Amended Complaint." (Filing No. 28.) Because Plaintiffs filed this document after the Served Defendants had already filed a Motion to Dismiss, the Clerk of the court construed it as a Motion to Amend Complaint. (*Id*. (Docket Sheet).)

As discussed above, "every pleading . . . must be signed" and that the court must strike an unsigned pleading "unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Plaintiffs failed to sign their Motion to Amend Complaint. (Filing No. 28.) On December 22, 2008, Served Defendants objected to this signature deficiency in their Objection to the Motion to Amend Complaint and Brief in Support. (Filing Nos. 34 and 35.) The Objection was mailed to Plaintiffs via certified mail. (Filing No. 34 at CM/ECF p. 2.) These filings called the signature deficiency to the Plaintiffs' attention. (Filing No. 35 at CM/ECF pp. 2-3, 5.) As with Plaintiffs' Motions for Default Judgment, over two months have passed and Plaintiffs have not corrected the deficiency.

Because Plaintiffs failed to correct the signature deficiency, after it was called to their attention, the court must strike Plaintiffs' Motion to Amend Complaint from

---

was a Saturday, it is excluded from the time period to respond to Plaintiffs' Complaint, and the period runs until next day that the clerk's office is accessible, or Monday, December 15, 2008. *See* Federal Rule of Civil Procedure 6(a)(3). Served Defendants filed a Motion to Dismiss on December 15, 2008. As such, Served Defendants filed a timely response to Plaintiffs' Complaint.

the record.³ Fed. R. Civ. P. 11(a). Thus, Served Defendants' Objection to Plaintiffs' Motion to Amend Complaint is granted. Plaintiffs' unsigned Certificates of Service regarding Plaintiffs' Motion to Amend Complaint (filing nos. 29 and 30) and Plaintiffs' unsigned Motion to Amend Complaint (filing no. 28) shall be stricken from the record.

In light of these rulings, for the purposes of this Memorandum and Order, the court will only consider the claims alleged in Plaintiff's original Complaint (filing no. 1) and Served Defendants' Motion and Amended Motion to Dismiss, filed in response to that Complaint (filing nos. 17 and 24). As such, Served Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (filing no. 37), is denied as moot.

### IV. SUMMARY OF COMPLAINT

Plaintiffs' Complaint alleges that Defendants committed fraud and violated the Civil RICO Act, the Uniform Commercial Code, and the Nebraska Deceptive Trade Practices Act. (Filing No. 1 at CM/ECF pp. 6-12.) Plaintiffs' Complaint describes the facts that led to these alleged violations.

Plaintiffs allege that "around" January 3, 2006, they submitted a credit application to Froehlich at Bank First because they were interested in purchasing ABC Texaco, Inc. ("ABC"). (*Id*. at CM/ECF p. 5.) Bank First approved them for a loan and they wrote ABC's owner a check for $35,000.00 to purchase ABC stock.

---

³Plaintiffs proposed amended complaint contained the same allegations as Plaintiffs' original Complaint. Plaintiffs did not change their allegations despite the fact that Served Defendants' Motion to Dismiss and Brief pointed out defects within those allegations. As set forth below, Plaintiffs' allegations fail to state a claim upon which relief may be granted. Thus, even if Plaintiffs had corrected the signature deficiency, the proposed amended complaint would have been dismissed for failing to state a claim upon which relief may be granted.

(*Id*.) However, Plaintiffs were forced to stop payment on their check because ABC's owner had not delivered the stock certificates. (*Id*.)

On February 8, 2006, Plaintiffs discussed their situation with Froehlich, who instructed them to bring a certified check for $35,000.00 to Bank First. (*Id*. at CM/ECF p. 6.) Froehlich took the check and helped them create a checking account in ABC's name. (*Id*.) However, around February 21, 2006, Plaintiffs discovered that Bank First had initiated a replevin action on ABC. (*Id*.) Through this action, Plaintiffs allege Bank First took control of ABC on February 24, 2006. (*Id*.) Plaintiffs asked Froehlich for their money back, but Froehlich refused to return their money. (*Id*.)

Plaintiffs seek compensatory damages in the amount of $3,120,000.00 for violations of the Civil RICO Act, $3,120,000.00 for common law fraud, $3,120,000.00 for "fraud in the inducement," $3,170,000.00 for violations of "UCC 4-103," and $1,037,000.00 for violations of the Nebraska Deceptive Trade Practice Act. (*Id*. at CM/ECF pp. 6-12.)

## V. SERVED DEFENDANTS' MOTION TO DISMISS

A.   Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," otherwise, "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin*

*v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

B.     Service of Process

Served Defendants argue that Plaintiffs failed to serve Defendants "R.J. Gall, Richard Galyen, Duane Acklie, Clayton Andrews, Mike Dunlop, Virgil Froehlich, Eugine Markland, Roy Miller, Carrol Novicki, Joanie Oshsner, Michael Renken, Jeff Schumacher, and Robert White" (together "Remaining Defendants"). (Filing No. 25 at CM/ECF p. 6.) The court agrees with Served Defendants.

As discussed above, Plaintiffs filed their Complaint in this matter on September 15, 2008. (Filing No. 1.) Over 120 days have now passed and Plaintiffs have not served Remaining Defendants with their Complaint. Because Plaintiffs failed to serve Remaining Defendants within 120 days of filing their Complaint, the court must dismiss Plaintiffs' claims against Remaining Defendants without prejudice. Fed. R. Civ. P. 4(m).

C.     Civil RICO Claims

Served Defendants also argue that Plaintiffs' RICO allegations fail to state a claim upon which relief can be granted. (Filing No. 25 at CM/ECF pp. 6-19.) Again, the court agrees. To prevail under RICO, Plaintiffs are required to demonstrate, at a minimum, that Defendants participated in two predicate offenses of racketeering listed in 18 U.S.C. § 1961(1)(B). *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88

F.3d 563, 571 (8th Cir. 1996). Here, Plaintiffs allege that Defendants committed the predicate offenses of mail fraud and wire fraud.[4] (Filing No. 1 at CM/ECF pp. 5-8.)

Mail and wire fraud are established through proof of: "(1) a scheme to defraud; (2) intent to defraud; (3) reasonable foreseeability that the mails (or wires) would be used; and (4) use of the mails (or wires) in furtherance of the scheme." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 n.6 (8th Cir. 1995). Furthermore, Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This particularity requirement applies to allegations of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343, when used as predicate acts for a RICO claim. *See Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1053 (8th Cir. 1985); *see also* 5 Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 1251.1 (3d ed. 2004) ("Fraud claims brought under the RICO Act—such as wire fraud and mail fraud—are subject to the particularity and specificity requirements of Rule 9(b) . . . .").

Allegations of circumstances constituting fraud or mistake should "include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation . . . ." *Bennett v. Berg*, 685 F.2d

---

[4]Plaintiffs also allege Defendants committed the predicate acts of bank fraud and a violation of 18 U.S.C. § 1951. (Filing No. 1 at CM/ECF pp. 6, 8.) However, the bank fraud statue is not designed to protect Plaintiffs, it is designed to protect banks. *See United States v. Davis*, 989 F.2d 244, 246-47 (7th Cir. 1993). In addition, Plaintiffs cannot sue under 18 U.S.C. § 1951 unless they allege that Defendants used "actual or threatened force, or violence, or means of fear of injury . . . ." 18 U.S.C. § 1951; *see also C.M. Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1053 (8th Cir. 1985) (upholding district court's determination that plaintiff failed to allege a RICO claim where plaintiff attempted to allege a predicate act under 18 U.S.C. § 1951, but did not allege force, violence, or fear). Even liberally construed, Plaintiffs' Complaint makes no allegation of force, violence, or fear.

1053, 1062 (8th Cir. 1982), *aff'd on reh'g*, 710 F.2d 1361 (8th Cir.1983) (en banc), *cert. denied*, 464 U.S. 1008 (1983); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993) (stating that in RICO cases "allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent"). Here, Plaintiffs allege that beginning on January 4, 2006, they discussed "credit issues" over the phone with Defendants. (Filing No. 1 at CM/ECF p. 5.) Plaintiffs also allege that Gaylen Petroleum committed wire fraud because it "stole $30,000 from [their] credit card receipts." (*Id*. at CM/ECF p. 7.) In addition, Plaintiffs allege that a "[l]etter to Sharon Coleman with the FDIC" constitutes mail fraud. (*Id.* at CM/ECF p. 8.) With each of these allegations, however, Plaintiffs fail to allege the time, place, or contents of the alleged acts of fraud. In fact, Plaintiffs' allegations merely conclude that Defendants' conduct was fraudulent. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy" Rule 9(b). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citations omitted). Because Plaintiffs' allegations are conclusory, they fail to meet the particularity requirements of Rule 9(b).

The requirement that a plaintiff establish that a defendant participated in predicate acts of racketeering is only one of four required elements of a RICO claim. *United HealthCare Corp.*, 88 F.3d at 570 (stating that to demonstrate a RICO violation, a plaintiff must establish "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) [that] defendant's actions constitute[d] a pattern of racketeering activity"). While Plaintiffs may be able to establish some of these elements, their allegations are insufficient to establish that Defendants participated in predicate acts of racketeering because, as set forth above, they failed to plead mail and wire fraud

in accordance with Fed. R. Civ. P. 9(b). As such, Plaintiffs' RICO claim fails to state a claim upon which relief may be granted and must be dismissed.[5]

D.   State Law Claims

Because the court dismissed all of Plaintiffs' federal claims, the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Consequently, Plaintiffs' Complaint is dismissed for failure to state a claim upon which relief can be granted. However, the court will dismiss Plaintiffs' Complaint without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1.   Served Defendants' Objection to Plaintiffs' Motions for Default Judgment (filing no. 31) and Objection to Plaintiffs' Motion to Amend Complaint (filing no. 34) are granted.

2.   The Clerk of the court is directed to strike from the record Plaintiffs' unsigned Certificate of Service regarding Plaintiffs' Motions for Default Judgment (filing no. 23), Plaintiffs' unsigned Motions for Default Judgment (filing nos. 12, 13, 14, 15 and 16), Plaintiffs' unsigned Certificates of Service regarding Plaintiffs' Motion to Amend Complaint (filing nos. 29 and 30) and Plaintiffs' unsigned Motion to Amend Complaint (filing no. 28).

---

[5]Permitting amendment of Plaintiffs' Complaint would be futile. Plaintiffs have already attempted to amend once, but they failed to sign the proposed amended complaint. (Filing No. 28.) As set forth above, even if Plaintiffs had signed the proposed amended complaint, it would have been dismissed for failing to state a claim upon which relief may be granted.

3. Served Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (filing no. 37), is denied as moot.

4. Served Defendants' Motion and Amended Motion to Dismiss Plaintiffs' Complaint (filing nos. 17 and 24), are granted.

5. Plaintiffs' claims against Remaining Defendants are dismissed without prejudice as set forth in this Memorandum and Order.

6. Plaintiffs' Motion to Continue (filing no. 40) is denied as moot.

7. A separate judgment will be entered in accordance with this Memorandum and Order.

March 27, 2009.                    BY THE COURT:

                                   *s/Richard G. Kopf*
                                   United States District Judge